IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARIAH SHALANE BURLEY, | ) | CASE NO. 4:23-cv-00218 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Jennifer Dowell Armstrong ("R&R") (Doc. No. 12) recommending that the Commissioner's decision be affirmed. Plaintiff filed her objections (Doc. No. 13) and Defendant filed a response (Doc. No. 15). For the following reasons, Plaintiff's objections are OVERRULED, the R&R is ACCEPTED, and the final decision of the Commissioner is AFFIRMED.

**I. Background**

On May 3, 2021, Plaintiff filed an application for Supplemental Security Income Benefits ("SSI') and Disability Income Benefits ("DIB"). (Doc. No. 6 at 95-96, 203, 210.)[1] This claim was denied both upon initial consideration and reconsideration. (*Id.* at 132-42, 151-56.) Plaintiff filed a Request for a Hearing, which was granted. (*Id.* at 140, 181.) On May 3, 2022, the Administrative Law Judge ("ALJ") held Plaintiff's requested hearing. (*Id.* at 58-66.) The ALJ ruled against Plaintiff on May 23, 2022. (*Id.* at 40-51.) The Appeals Council declined to review Plaintiff's case on December 6, 2022. (*Id.* at 20.)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

1

Plaintiff timely commenced this action on February 5, 2023. (Doc. No. 1.) On May 15, 2023, Plaintiff filed her brief on the merits. (Doc. No. 7.) On July 21, 2023, Defendant filed its brief on the merits. (Doc. No. 10.) Plaintiff replied on August 5, 2023. (Doc. No. 11.) On December 20, 2023, the Magistrate Judge issued an R&R. (Doc. No. 12.) Plaintiff timely filed her objections on January 3, 2024, (Doc. No. 14), to which Defendant responded (Doc. No. 15.)

## II. **Standard of Review**

A district court "shall make a *de novo* determination of those portions or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (flush language); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (flush language).

For present purposes, the Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). In making a disability determination, an ALJ engages in a five-step sequential evaluation:

1. If the claimant is doing substantial gainful activity, she is not disabled.

2. If the claimant is not doing substantial gainful activity, her impairment must be severe before she can found to be disabled.  To be severe, the claimant must have a severe medically determinable physical or mental impairment, or a combination of impairments, that must have lasted or be expected to last for at least 12 months, unless it is expected to result in death.

3. If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment in Appendix 1 to Subpart P of Part 404, the claimant is presumed disabled without further inquiry.

4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if the claimant's impairment process prevents her from doing past relevant work.  If the claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

5. If the claimant is unable to perform past relevant work, she is not disabled if, based on her vocational factors and residual functional capacity, she is capable of performing other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520, 416.920; *see also Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 426 (6th Cir. 2018) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)).  During the first four steps, the claimant has the burden of proof.  *Walters*, 127 F.3d at 529.  The burden shifts to the Commissioner at step five.  *Id.*

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.  42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010).  "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The Commissioner's decision must be affirmed even if the claimant's position is also supported by substantial evidence. *Wallace v. Comm'r of Soc. Sec.*, 221 F.3d 1337 (Table), 2000 WL 799749, at *2 (6th Cir. 2000) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 11233 (6th Cir. 1993)).

### III. Discussion

Plaintiff raises two objections to the R&R.[2] (Doc. No. 13 at 544.) The first challenges whether the ALJ properly found that Plaintiff was limited to occasional interaction, not superficial action. (*Id.*) The second challenges whether the ALJ properly excluded a limitation requiring Plaintiff to have supervisory support. (*Id.* at 545.) Plaintiff says that because the ALJ erred his treatment of these two limitations, the ALJ's RFC determination was not supported by substantial evidence. (*Id.*) As such, Plaintiff argues that the R&R's findings to the contrary are "harmful error" requiring remand. (*Id.*)

An "ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite to specific evidence does not indicate that it was not considered." *Simmons v. Barnhart*, 114 F.

---

[2] Although Plaintiff brings two substantive objections, Plaintiff's brief lists them under one heading. (Doc. No. 13 at 544.) The Court reminds Plaintiff of its directives in its Initial Order, which states that the parties' arguments "shall be preceded by headings identifying the claimed errors." (Doc. No. 5 at 14.) The Court also notes the R&R's footnote about this recurrent issue. (Doc. No. 12 at 526.)

4

App'x 727, 733 (6th Cir. 2004) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)). The key for the Court's review is whether the ALJ's decision was supported by substantial evidence.

**A. Record before the ALJ**

In May 2021, Plaintiff filed an application for SSI and DIB, claiming she was disabled due to morbid obesity, asthma, depressive disorder, anxiety disorder, and bipolar disorder. (Doc. No. 6 at 43.) She says that she stopped working on December 11, 2020, because of her conditions. (*Id.* at 236.)

Between April 2020 and March 2022, Plaintiff received mental health treatment through virtual psychotherapy sessions with a counselor and medication management appointments. (*Id.* at 344-421, 427-56.) The Court notes the thorough summaries of this evidence in the ALJ's decision (Doc. No. 6 at 46-48) and the R&R (Doc. No. 12 at 514-17.) Over that two-year period, Plaintiff's anxiety fluctuated, often due to external stressors. (Doc. No. 6 at 358, 365, 428, 431, 450.) Plaintiff did not take her medication consistently, although when she did take it, she felt better and her mood improved. (*Id.* at 353, 358, 431.) Subsequent adjustments to her medication management helped her mood further, as did lifestyle changes. (*Id.* at 397, 408, 431.) Plaintiff continued to struggle with focus, concentration, and anxiety, which she worked to address with her therapist. (*Id.* at 414, 450.) Treatment notes indicated that Plaintiff's mental health was adequately managed with outpatient therapy and medication. She was able to enjoy family holidays, live with other people, and appeared alert and receptive at appointments.

On January 11, 2021, Lindsey Hoppel, N.P., completed a Mental Impairment Questionnaire of Plaintiff, which consisted of a check-box survey rating the severity of Plaintiff's limitations in sustained concentration and persistence, understanding and memory, social interaction, and adaption. (*Id.* at 457-58.) Nurse Hoppel opined that Plaintiff was

5

severely limited, but not precluded[3] in sustaining an ordinary routine without special supervision, interacting appropriately with the general public, getting along with coworkers or peers without districting them or exhibiting behavioral extremes, maintaining socially appropriate behavior, and adhering to basic standards of neatness and cleanliness. (*Id.*) Hoppel indicated that Plaintiff was unable to meet competitive standards[4] in accepting interactions and responding appropriately from criticism with supervisors. (*Id.* at 458.)

On July 9, 2021, at the state agency's request, Plaintiff underwent a consultative psychological evaluation by Kenneth Gruenfeld, Psy.D. (*Id.* at 336-42.) Regarding Plaintiff's capacity to respond appropriately to supervision and to coworkers in a work setting, Dr. Gruenfeld opined that Plaintiff "should be able to effectively work with others but will struggle during times of high anxiety." (*Id.* at 340-41.)

In August 2021, Aracelis Rivera, Ph.D., a state agency consultant, reviewed Plaintiff's record at the initial level of consideration. (*Id.* at 97-105.) Dr. Rivera opined that Plaintiff had no social interaction limitations. (*Id.* at 103.)

In November 2021, Cindy Matyi, Ph.D., reviewed Plaintiff's record at the reconsideration level. (*Id.* at 116-23.) Dr. Matyi opined that Plaintiff require a "relatively isolated workstation and supervisory support when first learning job tasks" and that Plaintiff could "relate adequately

---

[3] The form defines "seriously limited, but not precluded" as the "ability to function in this area is less than satisfactory, but not precluded in all circumstances." (Doc. No. 6 at 457.) The form explained that the individual would be limited in their ability to perform the specific activity 15% of the time. (*Id.*)

[4] The form defines "unable to meet competitive standards" as "[the] patient cannot satisfactorily perform th[e] activity independently, appropriately, effectively and on a sustained basis in a regular work setting." (Doc. No. 6 at 457.)

6

on a superficial basis in an environment that entails infrequent public contact, minimal interaction with coworkers, and no over-the-shoulder supervisor scrutiny." (*Id.* at 121.)

At the administrative hearing in May 2022, Plaintiff testified as to her medical and mental conditions, personal history, and previous employment (*Id.* at 56-77.) A vocational expert also testified at the hearing, opining that Plaintiff could not perform her past work, but would be able to perform jobs like laundry laborer or candy factory helper. (*Id.* at 79-84.)

### B. ALJ's Conclusion

Based on the record, the ALJ made several findings. Specifically, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since November 1, 2020." (*Id.* at 42.) The ALJ found that Plaintiff had severe impairments of morbid obesity, asthma, depressive disorder, anxiety disorder, and bipolar disorder. (*Id.* at 43.) The ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I." (*Id.*)

After reviewing Plaintiff's medical record, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to "perform medium work as defined in 20 CFR 4041.1567(c) and 416.967(c)" with certain additional limitations. (*Id.* at 45.) Relevant here is the limitation found by the ALJ that Plaintiff's work must "be limited to occasional contact with coworkers and supervisors. The claimant is capable of changes in the work environment, meaning changes in work responsibilities or workplace, which are explained in advice of implementation and implemented gradually over time." (*Id.*)

In determining Plaintiff's RFC, the ALJ considered prior medical opinions and prior administrative medical findings in accordance with 20 CFR 404.1520c and 416.920c. The ALJ's discussion of the state agency consultants is as follows:

7

> "The undersigned has also considered the assessments of the State agency consultants, which they supported with review of the claimant's medical evidence of record. Exhibits 3A, 4A, 6A, and 8A. While the assessments of the State agency consultants were not entirely consistent, both opined the claimant has no more than moderate "paragraph B" limitations throughout. At the initial level, the State agency consultant opined the claimant had no limitations in her ability [to] understand, remember, or apply information and in her ability to interact with others and moderate limitations in her ability to concentrate, persist, or maintain pace and ability to adapt or manage oneself. Upon reconsideration, the State agency consultant opined the claimant had moderate "paragraph B" limitations throughout. The assessments of the State agency consultants, finding the claimant had no more than moderate limitations, is consistent with the claimant's treatment records that indicate the claimant required no more than conservative mental health treatment throughout. Additionally, the claimant reported improvement in her conditions with medication. While the claimant has had some exacerbation of symptoms, her treatment records indicate that with medication management the depression and anxiety were generally 'stable' and that she was 'doing very well.' Accordingly, the undersigned finds the assessments of the State agency consultants were persuasive."

(*Id.* at 49.)

The ALJ found that Plaintiff is unable to perform any past relevant work, and jobs exist in significant numbers in the national economy that Plaintiff can perform (*id.* at 49-50.) The ALJ also determined that Plaintiff was between 18 and 49 years old with at least a high school education. (*Id.*) Because the ALJ ultimately concluded that Plaintiff was not disabled as defined by the Social Security Act, transferability was not an issue. (*Id.* at 50-51.)

### C. The Magistrate Judge's Report and Recommendation

The R&R noted that its "review 'is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." (Doc. No. 12 at 518 (quoting *Olive v. Comm'r of Soc. Sec.*, No 3:06 CV 1587, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007).) Next, the R&R stated the five-step process that ALJs must use to determine whether a claimant is entitled to SSI or disability insurance benefits. (*Id.* at 520.) The R&R detailed and evaluated Plaintiff's challenges to the Commissioner's

8

determination before concluding that there is substantial evidence to support the ALJ's decision. (*Id.* at 520-41.)

Specifically, Plaintiff raised the following issues on appeal: "(1) [t]he ALJ erred when he failed to evaluate the opinion of the treating source in accordance with 20 CFR 404.1520c and 416.920c; [and] (2) [t]he ALJ committed harmful error when he failed to properly apply the criteria of Social Security Ruling 16-3pm and failed to find that the intensity, persistence, and limiting efforts of the totality of Plaintiff's symptoms precluded her from performing substantial gainful activity on a full-time and sustained basis." (Doc. No. 7 at 459.) The Magistrate Judge also noted that "[a]lthough not identified by her assignment of error headings, [Plaintiff] raises [a third] argument"—that the ALJ erred in concluding that the state agency consultants' findings for supervisory support and social interaction were persuasive, and then failing to incorporate those limitations into the RFC findings. (*Id.* at 526-27.)

Regarding Plaintiff's first issue on appeal, the R&R found that although Plaintiff identified "aspects of the treatment notes that she argues may lead towards a different conclusion, the ALJ offered ample reasoning when articulating why" that opinion "was not supported by or consistent with the medical record," and so complied with the regulations. (*Id.* at 525.) In response to Plaintiff's second challenge, the R&R concluded that "the ALJ's decision here reflects that he followed SSR 16-30's procedure" and that Plaintiff's arguments amounted to her asking the Court to improperly reweigh evidence. (*Id.* at 536, 540.) Lastly, in response to Plaintiff's third unlabeled assignment of error, the R&R concluded that Plaintiff "does not establish how the ALJ did not accommodate for the limitations that the state agency consultant assessed." (*Id.* at 529.) "[R]eading the decision as a whole and with common sense,

9

the ALJ articulated substantial evidence supporting his conclusion," which was contrary to Plaintiff's preferred conclusion. (*Id.* at 525.)

In sum, the R&R recommended that the Court overrule Plaintiff's objection and affirm the Commissioner's decision. (*Id.* at 541.)

### D. *De Novo* Review

In her objection to the R&R, Plaintiff claims that the R&R erred in finding that (1) the ALJ properly found that she was limited to occasional, rather than superficial, interaction; and (2) the ALJ did not err by omitting discussion of special supervisory support were not supported by the record. (*See* Doc. No. 13 at 544-45.) Although presented under one heading, the Court addresses these two distinct objections separately.

#### 1. Separate Versus Occasional Interaction

Plaintiff argues that the R&R erred by finding that the ALJ properly found that she required only superficial interactions with others. (*Id.* at 544.) Specifically, Plaintiff alleges that the ALJ's limitation of "occasional" interactions was not supported by substantial evidence, as the state agency consultant limited her to "superficial." (*Id.*) Plaintiff cites to *Hutton v. Comm'r of Soc. Sec.*, No. 2:20-cv-339, 2020 WL 3866855, at *4 (S.D. Ohio July 9, 2020), and *Metz v. Kijakzai*, No. 1:20-cv-2202, 2022 WL 4465699, at *9 (N.D. Ohio Sept. 26, 2022) for the proposition that occasional and superficial interaction are substantively different. (*Id.*) Because of the difference between occasional and superficial interaction, Plaintiff says, the state agency consultant placed a greater restriction on her than the ALJ set forth in the RFC, requiring remand.

In *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015), the Sixth Circuit examined whether an ALJ gave appropriate weight to psychologists' evaluation that a plaintiff was able to relate on a "superficial basis" when the ALJ limited the plaintiff to

"occasional interaction." The Sixth Circuit found that the "occasional" limitation in the RFC was "not inconsistent" with the psychologists' "superficial" limitation, and that "[e]ven when an ALJ provides 'great weight' to an opinion, there is no recommendation that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Id.* (citations omitted).

The Sixth Circuit has not revisited "occasional" versus "superficial" since its unpublished opinion in *Reeves*. Plaintiff cites to *Hutton*, 2020 WL 3866855, at *4, a Southern District of Ohio case that adopts a "fixed vocational definition of 'superficial' interactions . . . , which [] is presumed to be qualitatively inconsistent with 'occasional' interactions." *See Stephen D. v. Comm'r of Soc. Sec.*, No. 1:21-cv-00746, 2023 WL 4991918, at *7 (S.D. Ohio. Aug 4, 2023) (gathering cases). Southern District of Ohio courts agree that "'superficial' is readily understood . . . to refer to the 'quality' of social interaction, while the term 'occasional' describes only the 'quantity' of 'social interaction.'" *Id.* (citing *Hutton*, 2020 WL 3866855, at *4-5).

The Court declines to adopt our sister District's approach distinguishing superficial and occasional interaction. Courts in this District have noted that "there is no definition for the term 'superficial interaction' in the *Dictionary of Occupational Titles*." *Johnson v. Comm'r of Soc. Sec.*, No. 1:22-CV-02272, 2023 WL 8283922, at *15 (N.D. Ohio Nov. 9, 2023) (citations omitted), report and recommendation adopted, 2022 WL 8281461 (N.D. Ohio Nov. 30, 2023). *See also James v. Comm'r of Soc. Sec.*, No. 1:22-CV-1915, 2023 WL 4172932, at *20 (N.D. Ohio June 5, 2023) (noting no supporting authority for a specialized definition of "superficial interaction").[5] Plaintiff points to no binding legal authority that imposes such a distinction.

---

[5] Plaintiff's citation to *Metz* does not persuade the Court otherwise. In *Metz*, the court reasoned that even though the ALJ limited to the plaintiff to "superficial," rather than "brief" interactions,

11

Moreover, even when an ALJ finds a medical opinion persuasive, as the ALJ did here with the state agency consultant opinion, there is no requirement that the ALJ adopt that opinion verbatim. *See Reeves*, 618 F. App'x at 275. "The more relevant inquiry is whether the facts in this case demonstrate that the RFC assessment is not supported by substantial evidence." *Johnson*, 2023 WL 8283922, at *1 (citing *Daniels v. Comm'r of Soc. Sec.*, No. 3:19-CV-02946, 2020 WL 6913490, at *10 (N.D. Ohio Nov. 24, 2020).

Here, Plaintiff does not demonstrate how the ALJ's limitation of "occasional" interaction was not supported by substantial evidence. In considering the record, the ALJ noted that although the Plaintiff alleges that she has difficulty engaging in social activities, she can shop, spend time socially with others, and live with others. (Doc. No. 6 at 44.) The ALJ also noted that the consultative examination showed that the Plaintiff was able to consistently remain on topic, elaborate when requested, and did not appear nervous during her evaluation. (*Id.*) During Plaintiff's psychotherapy appointments, she consistently appeared alert, receptive, and engaged, despite her mood and anxiety. These findings support a limitation of occasional interaction with others.

The Court finds that the ALJ's assessment of an RFC with a limitation to "occasional interaction" with supervisors and coworkers is supported by substantial evidence.

### 2. Supervisory Support Limitation

Plaintiff also argues that that the R&R erred by finding that the ALJ was not required to include a supervisory support limitation in the RFC. (*Id.* at 545.) Specifically, Plaintiff takes

---

as recommended by the state agency psychologists, there was no prejudice. *Metz*, 2022 WL 4465699 at *9.

issue with the R&R's finding that only one medical opinion, Dr. Matyi's, assessed this limitation and says that Nurse Hoppel also determined that she would need special supervision.

Plaintiff's arguments are not well-taken. Plaintiff refers to her January 11, 2021 evaluation by Nurse Hoppel, as the second medical opinion that supports a supervisory support limitation. In the record is Nurse Hoppel's Mental Impairment Questionnaire, where Hoppel checked off that Plaintiff is unable to meet competitive standards in "[a]ccept[ing] instructions and respond[ing] appropriately to criticism from supervisors." (*Id.* at 457-58.) The ALJ found that this evaluation provided "limited support for the assessed limitation, generally completing a simple check box form with the only other notations being a list of the claimant's diagnoses, medications, and medication side effects." (*Id.* at 49.) Because of this, the ALJ determined that the severity of the limitations assessed by Hoppel were unpersuasive and that the limitations were inconsistent with Plaintiff's treatment history. (*Id.*).

Given that the ALJ was not persuaded by Nurse Hoppel's limitations, it is reasonable that the ALJ did not adopt Hoppel's opinion when considering the RFC. And this Court may not "review the evidence de novo, make credibility determinations, nor weigh the evidence" and find that Hoppel's limitations are so persuasive as to require verbatim incorporation in the RFC. *Van Winkle v. Comm'r of Soc. Sec.*, 29 F. App'x 353, 356 (6th Cir. 2002) (quoting *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989)).[6]

---

[6] Plaintiff's citation to *Kreze v. Berryhill*, Case No. 1:17-cv-01254, 2018 WL 3045097, at *8 (N.D. Ohio June 7, 2018) is not persuasive. Plaintiff argues that because here, like in *Kreze*, two medical opinions gave her a supervisory support limitation, the ALJ's failure to include that limitation was harmful error. However, in *Kreze*, the ALJ gave significant weight to the two medical experts' opinions, finding them consistent with the record as a whole. Here, the ALJ found Hoppel's limitations unpersuasive and not supported by the record as a whole.

Further, the ALJ's omission of the supervisory support limitation is reasonable, given the record evidence. In finding the state agency consultants' opinion persuasive, the ALJ determined that Plaintiff had only moderate limitations on her ability to understand, remember, or apply information, in concentrating generally, focusing generally, and completing tasks. (*Id.*) The ALJ also found that Plaintiff was capable of tolerating changes in the workplace, as long as they are explained in advance and implemented gradually. (*Id.* at 45.) Although one state agency consultant used the term "supervisory support," again, the ALJ was not required to adopt this limitation verbatim. *See Reeves,* 618 F. App'x at 275

In sum, the Court finds that the ALJ applied the correct legal standards and that the recommendations in the R&R are supported by substantial evidence.

## IV. Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, the R&R is ACCEPTED, and the Commissioner's decision is AFFIRMED. This case is DISMISSED.

**IT IS SO ORDERED.**

**Date:** March 27, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

14